**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000492
07-MAR-2018
07:53 AM**

NO. CAAP-15-0000492

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
BERNARD TULENSA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-0591)

SUMMARY DISPOSITION ORDER
(By: Fujise, Acting C.J., Leonard and Ginoza, JJ.)

Defendant-Appellant Bernard Tulensa (Tulensa) appeals from the June 4, 2015 Judgment of Conviction and Probation Sentence entered by the Circuit Court of the First Circuit (Circuit Court).[1] Tulensa was convicted of Assault in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-711(1)(b) (2014).[2]

Tulensa appeals his conviction, arguing that there was insufficient evidence of serious bodily injury and that the Circuit Court plainly erred in failing to instruct the jury on the lesser included offense of Assault in the Third Degree.

---

[1] The Honorable Karen S.S. Ahn presided.

[2] A person commits the offense of assault in the second degree if:

(a) The person intentionally or knowingly causes substantial bodily injury to another; [or]

(b) The person recklessly causes serious or substantial bodily injury to another[.]

HRS § 707-711 (2014).

After a careful review of the points raised and arguments made by the parties, the record, and the applicable authority, we resolve Tulensa's points as follows and affirm.

1. There was sufficient evidence to support Tulensa's conviction for Assault in the Second Degree. Tulensa challenges only the jury's finding that he recklessly caused serious bodily injury to the complaining witness (CW). "'Serious bodily injury' means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." HRS § 707-700 (2014). On appeal, the standard for evaluating the sufficiency of the evidence is whether there was substantial evidence. "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a [person] of reasonable caution to support a conclusion." State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992) (citation omitted).

CW's treating physician testified that CW's actual injury was "blunt intracranial hemorrhage," or "bruising of the brain" and that CW sustained three bruises, one each on the left temporal lobe, the parietal lobe, and the right parietal lobe, with the largest bruise measuring seven millimeters. The doctor went on to explain that "these areas of bleeding [could] continue to bleed and the brain to swell to the point where he could die" and that the injury created a substantial risk of death.

When considered in the strongest light for the prosecution, State v. Matavale, 115 Hawai'i 149, 157, 166 P.3d 322, 330 (2007), the testimony presented provided credible evidence of sufficient quality and probative value to support the conclusion that Tulensa inflicted serious bodily injury upon CW.

2. The Circuit Court did not plainly err when it did not instruct the jury on the offense of Assault in the Third Degree because there was no rational basis in the evidence for such an instruction. See State v. Flores, 131 Hawai'i 43, 51, 314 P.3d 120, 128 (2013). Tulensa argues that the jury should have been instructed on the offense of Assault in the Third Degree for negligently causing bodily injury with a dangerous

2

instrument under HRS § 707-712(1)(b) (2014).

> "Dangerous instrument" means any firearm, whether loaded or not, and whether operable or not, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury.

HRS § 707-700 (2014).

However, Tulensa does not identify what "dangerous instrument" the evidence established he employed. To the extent he implies the concrete floor upon which CW hit his head could qualify as a dangerous instrument, that proposition has been rejected. U.S. v. Vasquez, 843 F. Supp. 2d 1147, 1150 (D. Or. 2012) (dismissing charge under federal assault statute where defendant lifted victim and slammed victim to the floor head first "likely" causing victim serious bodily injury because defendant's action was "nothing more than a 'body slam'" punishable under another statute, and "as a matter of law . . . the floor cannot be a dangerous weapon as alleged[.]") Tulensa provides no authority in support of his proposition.

For the foregoing reasons, we affirm the June 4, 2015 Judgment of Conviction and Probation Sentence of the Circuit Court of the First Circuit.

DATED: Honolulu, Hawaiʻi, March 7, 2018.

On the briefs:

William H. Jameson,
Deputy Public Defender,
for Defendant-Appellant.

Acting Chief Judge

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge